

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-14-2009

# USA v. Robert Lee

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1843

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Robert Lee" (2009). *2009 Decisions.* Paper 2033.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2033

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1843
_____

UNITED STATES OF AMERICA,

v.

ROBERT SIDNEY LEE,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 06-cr-00267)

District Judge: Honorable Yvette J. Kane
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on January 9, 2009

Before: FUENTES, FISHER and ALDISERT, Circuit Judges.
(Opinion Filed: January 14, 2009)

_____

OPINION OF THE COURT
_____

ALDISERT, Circuit Judge.

Appellant Robert Sidney Lee's attorney has filed a motion to withdraw as appellate

counsel in this case, and has filed a brief in support thereof under Anders v. California,

386 U.S. 738 (1967). Counsel contends that there are no nonfrivolous issues that can be raised on appeal by Lee. We agree. Accordingly, we will affirm the decision of the District Court of the Middle District of Pennsylvania and we will grant counsel's Anders motion.

Anders provides that "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." Id. at 744. "That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." Id. This Court implements Anders via our Local Appellate Rule 109.2(a), which sets forth the following procedure:

> Where, upon review of the district court record, counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to Anders v. California, 386 U.S. 738 (1967), which must be served upon the appellant and the United States. The United States must file a brief in response. Appellant may also file a brief in response pro se. . . . If the panel agrees that the appeal is without merit, it will grant counsel's Anders motion, and dispose of the appeal without appointing new counsel.

3d Cir. L.A.R. 109.2(a).

This Court's inquiry is twofold when an Anders motion is brought. First, we must determine whether counsel has adequately fulfilled the obligations imposed by L.A.R. 109.2(a). United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). Counsel's Anders brief must (1) satisfy the Court that counsel has thoroughly examined the record in search of appealable issues, Id. at 300; (2) identify any "issues arguably supporting the appeal

2

even though the appeal was wholly frivolous," Smith v. Robbins, 528 U.S. 259, 285 (2000); and (3) "explain . . . why the issues are frivolous," United States v. Marvin, 211 F. 3d 778, 780-781 (3d Cir. 2000). Second, we must independently review the record to confirm that the appeal does not present any nonfrivolous issues. Youla, 241 F.3d at 300. In so doing, we "confine our scrutiny to those portions of the record identified by an adequate Anders brief . . . [and] those issues raised in Appellant's *pro se* brief." Id. at 301.

Pursuant to Anders and our local rule, counsel submitted a brief arguing that there are no nonfrivolous arguments on appeal and filed a motion seeking to withdraw as counsel; the government responded; and Lee filed a pro se brief. We have examined the briefs of counsel and Lee pro se and conclude that none of the issues are nonfrivolous, and our own review of the record reveals no other nonfrivolous issues.

I.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

We exercise plenary review to determine whether there are any nonfrivolous issues on appeal. Penson v. Ohio, 488 U.S. 75, 80 (1988). The determination of frivolousness is informed by the standard of review for each potential claim raised. See, e.g., United States v. Schuh, 289 F.3d 968, 974-976 (7th Cir. 2002).

Because we write only for the parties, who are familiar with the facts, procedural history and contentions presented, we will not recite them except as necessary to the

discussion.

## II.

Counsel identified only two issues for our consideration. First, we are to inquire whether the record in this case supports the determination of the District Court that Lee made a knowing, intelligent and voluntary guilty plea supported by a factual basis, as required by Rule 11 of the Federal Rules of Civil Procedure and the constitutional requirements of Boykin v. Alabama, 395 U.S. 238 (1969). Second, we must examine whether the District Court abused its discretion in imposing a sentence of 96 months where the sentencing Guidelines range was 92-115 months and the District Court considered the 18 U.S.C. § 3553(a) factors before imposing a sentence.

On the question of whether there was a knowing plea of guilty and adequate factual basis therefore, the District Court explained Lee's right to a jury trial and Lee responded that he understood his rights. The District Court then reviewed the plea agreement and Lee indicated that he understood the agreement and signed it willingly. At the hearing the government said it would produce evidence at trial that Lee sold heroin on specific dates to named individuals and that 20 bundles of heroin had been recovered in this case. Lee agreed that these facts were true. On this record there would be no arguable merit to a claim that the District Court violated its obligations under Rule 11 and Boykin.

As to whether the District Court exceeded its discretion by imposing a 96 month sentence, we find that it did not. In Gall v. United States, 128 S. Ct. 586, 596 (2007), the

4

Court said: "A District Court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. It should be the starting point and the initial benchmark." See United States v. Langford, 516 F.3d 205, 212 (3d Cir. 2008) (same). There is no dispute that the range of 92-115 months was properly calculated for Lee's offense.

Once the proper Guidelines range has been calculated, the sentencing judge should make an individualized assessment and consider all of the 18 U.S.C. § 3553(a) factors in determining the final sentence. Gall, 128 S. Ct. at 596. To determine on appeal that a sentence is reasonable, the record must disclose that the District Court "gave meaningful consideration to the § 3553(a) factors," and "reasonably applied [those factors] to the circumstances of the case." United States v. Cooper, 437 F.3d 324, 329-330 (3d Cir. 2006). Although a district court may not presume that the Guidelines range is per se reasonable, an appellate court may, but is not required to, presume that a sentence within the Guidelines range is reasonable. Gall, 128 S. Ct. at 597. The appellant bears the burden of showing that his sentence was unreasonable. Cooper, 437 F.3d 324.

Here, the District Court explained the reasons for Lee's sentence with specific reference to the § 3553(a) factors, and chose to impose a sentence at the lower end of the applicable Guidelines range. Lee's counsel asserts, and our independent review of the record confirms, that the District Court meaningfully considered and reasonably applied the § 3553(a) factors. Therefore, we find any contention to the contrary to be meritless.

5

We agree that any challenge to these issues would not be considered nonfrivolous and conclude that counsel adequately fulfilled the requirements of Anders.

III.

We have examined the *pro se* brief filled by Lee which is an argument that his counsel was ineffective. We do not notice an ineffective assistance claim on direct appeal unless ineffectiveness is apparent on the record. United States v. Olfano, 503 F.3d 240, 246-247 (3d Cir. 2007). None of the ineffectiveness claims Lee asserts may be determined on the record. We therefore will not hear them on direct appeal. Although this is a matter we do not address in a direct appeal, it may possibly be considered in a proceeding bought under 28 U.S.C. § 2255.

\* \* \* \* \*

We have considered all of the arguments advanced by the parties and conclude that no further discussion is necessary. We are satisfied that counsel has comprehensively examined the record and fulfilled the requirements of Anders and L.A.R. 109.2(a). Our independent review of the record likewise does not reveal any nonfrivolous issues to be asserted on appeal. The judgment of the District Court will be affirmed and we will grant counsel's motion to withdraw.